UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. BARNES,<br><br>    Plaintiff,<br><br>    v.<br><br>WINDSOR SECURITIES LLC, et al.,<br><br>    Defendants. | Case No. 13-cv-01878-WHO<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION FOR JUDGMENT ON THE PLEADINGS ON CROSS-COMPLAINT FOR INTERPLEADER**<br><br>Dkt. Nos. 18, 19 |

**INTRODUCTION**

The motions filed by defendant and cross-defendant Windsor Securities, LLC ("Windsor") to dismiss the First Amended Complaint (the "FAC") of plaintiff and cross-defendant Gregory P. Barnes, Jr. ("Barnes"), Trustee of John L. Bitter Irrevocable Life Insurance Trust (the "Trust"), and for judgment on the pleadings of defendant and cross-claimant Pacific Life Insurance Company's ("Pacific") Cross-Complaint for Interpleader (the "Cross-Complaint") were argued on August 14, 2013. Because Barnes adequately states a claim for relief in the FAC, the motion to dismiss is DENIED. And because there are disputed issues of material fact in the Cross-Complaint and Windsor is not entitled to judgment as a matter of law, the Motion for Judgment on the Pleadings is also DENIED.

**FACTUAL BACKGROUND**

This is a diversity action removed from state court. Barnes is the trustee of the John L. Bitter Irrevocable Life Insurance Trust. FAC ¶ 1. John L. Bitter was insured under a $2 million life insurance policy provided by Pacific under policy number VF51701770 (the "Policy"), which

Barnes claims was "issued to" him.[1] FAC ¶¶ 9, 11(a)-11(b). After Bitter died on December 23, 2012, both Barnes and Windsor claimed the benefit. FAC ¶¶ 10, 11(a), 11(c)-11(d). Barnes asks the Court for a declaration to determine his rights and duties related to the benefit, and how the benefit should be distributed. FAC ¶ 12.

According to Barnes, Windsor's claim is based on "a certain written assignment of rights under the Policy . . . or other document(s), ostensibly executed by Plaintiff subsequent to the execution of the Agreement." FAC ¶ 11(g). Barnes alleges that Bitter never authorized these documents, however, and that the documents were never provided by Barnes to Pacific; Barnes also alleges that Windsor got these documents through fraud and coercion by telling Barnes that he irrevocably lost all rights to the benefit and had to convey the benefit to Windsor. FAC ¶ 11(h). Barnes admits that he "may have executed a document or documents purporting to assign or otherwise convey to Windsor Plaintiff's entitlement to obtain the Death Benefit," but would not have executed those documents were it not for Windsor's fraud and coercion. FAC ¶ 11(h). Thus, they are a "legal nullity." FAC ¶ 11(h).

Barnes contends that he is entitled to receive either the full amount of the benefit or, at the very least, the full amount less any amount Barnes owes to Windsor due to Windsor's loan to Barnes. Windsor claims the full amount of the benefit. FAC ¶¶ 11(e)-11(f).

**PROCEDURAL BACKGROUND**

On February 13, 2013, Barnes filed suit in the Superior Court of California, County of Sonoma, against Windsor and Pacific seeking a declaration that Barnes was entitled to at least part of the benefit. On March 29, 2013, Pacific filed the Cross-Complaint for Interpleader against Windsor and Barnes to force them to adjudicate their rights between themselves, and Pacific deposited the benefit with the court. MTD Br. at 6.

On April 24, 2013, Windsor removed the case to this Court. Barnes amended his complaint on May 28, 2013. On June 6, 2013, the parties stipulated and requested that Pacific be

---

[1] Pacific was a defendant in this action, but has since been discharged from any liability by stipulation and order by the Court since it has interpleaded the amount owing under the Policy. Dkt. No. 36.

1  allowed to deposit the disputed funds with the Court, which the Court ordered.[2] Dkt. No. 20. The
2  next day, Windsor filed the pending Motion to Dismiss the FAC and Motion for Judgment on the
3  Pleadings on the Cross-Complaint.

**LEGAL STANDARD**

### I. MOTION TO DISMISS

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), drawing all "reasonable inferences" from those facts in the nonmoving party's favor, *Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005). However, the Court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek*, 519 F.3d at 1031. A complaint may be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Denying a motion to dismiss does not mean that a court thinks that the plaintiff is likely to win; it means merely that the allegations in the complaint, if true and seen in the light most favorable to the plaintiff, may entitle the plaintiff to relief. *See id.* at 555-56.

Generally, a court cannot consider materials outside the complaint in deciding a motion to dismiss. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Under the "incorporation by reference" doctrine, however, a court may "consider materials incorporated into the complaint or matters of public record," including "documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). This

---

[2] On July 30, 2013, the Court granted the parties' stipulation that Pacific be paid $17,500 from the interpleader stake for reasonable attorneys' fees and costs in connection with these proceedings. Dkt. No. 48.

1  is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting
2  references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699,
3  706 (9th Cir. 1998) (superseded by statute) (citation omitted).

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

The standard for deciding a motion for judgment on the pleadings under "Rule 12(c) is 'functionally identical' to [a motion under] Rule 12(b)(6)." *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). When deciding such a motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings should be granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation marks and brackets omitted).

The "incorporation by reference" doctrine also applies to Rule 12(c) motions. *See, e.g.*, *Rice v. Ralph Foods*, No. C 09-02650 SBA, 2010 WL 5017118, at *3 (N.D. Cal. Dec. 3, 2010).

## DISCUSSION

### I. MOTION TO DISMISS

Viewed in the light most favorable to him, Barnes's FAC pleads sufficient facts to plausibly state a claim for relief and thus withstand a motion to dismiss. Because this is a diversity case, California law governs the substantive aspects of this case. The parties agree that California Code of Civil Procedure § 1060 applies. MTD Reply at 4. That section provides that any person may bring an action for a declaration of that person's rights and duties under a contract, and such a declaration shall have the force of a final judgment. CAL. CIV. PROC. CODE § 1060 (West 2003).

California courts are empowered to provide declaratory relief to determine the rightful recipients of insurance proceeds. *See, e.g.*, *Scheidle v. Joergensen*, 88 Cal. Rptr. 723, 724 (Ct. App. 1970). Because an insurance policy is essentially a contract, determining the rights under it

4

is generally a matter of basic contract interpretation. *See Montrose Chem. Corp. of Cal. v. Admiral Ins. Co.*, 42 Cal. Rptr. 2d 324, 334-35 (1995). And like a contract, a change in the beneficiary of a life insurance policy cannot be procured by fraud or undue influence. *See, e.g.*, *N.Y. Life. Ins. Co. v. Dunn*, 188 P. 1028, 1029 (Cal. Ct. App. 1920).

Here, the controversy arises from Barnes's claim that he is entitled to the benefit, not Windsor; Windsor claims the converse. Barnes claimed that John L. Bitter was insured under a life insurance policy and died. FAC ¶ 11(a). Barnes claims that Pacific "issued" the Policy to him, presumably meaning that he is the beneficiary. FAC ¶ 9. Barnes contends that he is entitled to "either the entire amount of the Death Benefit or, at the very least, the amount of the Death Benefit minus any amounts that may have been loaned to Plaintiff by Windsor and not repaid." FAC ¶ 11(e). Although Barnes admits that he "may have executed a document or documents purporting to assign or otherwise convey to Windsor Barnes's entitlement to obtain the Death Benefit," he argues that such documents were the result of "intimidation" and "coercion." FAC ¶ 11(h). An assignment of benefits that is the product of undue influence would be void, leaving Barnes the rightful beneficiary of the Policy. The allegations in the FAC constitute a cause of action.

Windsor does not disagree, but argues that extrinsic documents eviscerate Barnes's entitlement claims.[3] Windsor asserts that the Court can and should consider these documents and assume their contents are true because, although they are attached to its motion to dismiss and not to the FAC, they should be incorporated by reference in the FAC. MTD Reply at 2, 4. Windsor cites *United States v. Ritchie* for the proposition that, where a document "forms the basis of the plaintiff's claim . . . the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

---

[3] These documents include: (1) Life Insurance Premium Financing Agreement Among Windsor Securities LLC[,] John L. Bitter Irrevocable Life Insurance Trust and John L. Bitter, Jr.; (2) Title Confirmation Change; (3) Ownership, Name, or Beneficiary Change Request; (4) April 19, 2013, Letter from Joseph Wood to Jule Rousseau; and (5) Demand for Arbitration. Dkt. No. 18.

Windsor reads *Ritchie* too broadly, as the bulk of the Ninth Circuit's decisions make clear.[4] But that is beside the point. Barnes alleges that even if the documents are what Windsor says they are and mean what Windsor says they mean, they were procured by Windsor's "fraud and/or intimidation and coercion, were never authorized by John L. Bitter, were never provided by Plaintiff to Pacific, and are, for one or more of those reasons, a legal nullity." FAC ¶ 11(h). Taking Barnes' allegations as true for purposes of deciding Windsor's motion to dismiss, the Court cannot consider that Windsor's documents have any legal effect. *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013) ("When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party.") Barnes is entitled to discovery to attempt to prove his allegations.

Windsor similarly argues that the FAC should be dismissed because Windsor is the sole beneficiary of the Policy under the Financing Agreement and because Barnes did not follow the dispute resolution procedures in the Financing Agreement. MTD Br. at 8. Windsor supports its claims by reference to a letter and an "Ownership Change Request," neither of which are attached to the FAC, as well as the Financing Agreement, which also is not attached to the FAC. For the

---

[4] In its discussion of the "incorporation by reference" doctrine, the *Ritchie* court gave examples of the types of documents which might be incorporated—an insurance coverage plan or SEC filing, for example. *Ritchie*, 342 F.3d at 908. *Knievel v. ESPN*, a later case, explains that a court may "take into account . . . [documents that] the defendant attaches [] to its motion to dismiss, and *the parties do not dispute the authenticity of the document*, even though the plaintiff does not explicitly allege the contents of that document in the complaint." 393 F.3d at 1076 (quotations omitted, emphasis added). *Coto Settlement v. Eisenberg*, quoted above, stands for the same proposition. 593 F.3d at 1038; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 454-55 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Undisputed authenticity is required for a court to consider a document even if the plaintiff relies on the document. As the Ninth Circuit said in *United States v. Corinthian Colleges*, "We may also consider unattached evidence on which the complaint 'necessarily relies' *if*: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; *and (3) no party questions the authenticity of the document*." 655 F.3d 984, 999 (9th Cir. 2011) (emphases added). Here, however, Barnes *does* question the authenticity of the materials attached to the Motion to Dismiss. Opp'n at 3 (e.g., "*none* of the documentary materials attached to the [Motion to Dismiss] are authenticated"). More importantly, he opposes their consideration because they were obtained by fraud or coercion.

1  reasons just discussed, the Court cannot properly consider those documents in ruling on Windsor's

2  motion.

3  Barnes's FAC pleads sufficient facts to plausibly state a claim for relief. Windor's motion

4  to dismiss is DENIED.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

Windsor explained at oral argument that it sought judgment on the pleadings against Pacific in order to have the funds Pacific interpleaded with the Court released to Windsor. That motion is moot. The day *before* the motion was filed, Pacific, Windsor and Barnes stipulated to have Pacific discharged from liability after the funds were interpleaded. The parties had resolved Pacific's interpleader and were no longer adverse with Pacific when the motion was filed, let alone briefed and argued.[5]

Windsor's motion is also meritless for the reasons already explained. The Court takes judicial notice of the FAC, which demonstrates that the undisputed facts do not show that Windsor is entitled to relief. Moreover, the Cross-Complaint states that, because of the dispute between the parties, "Pacific Life cannot determine which of the Cross-Defendants is entitled to payment of the Death Benefit Proceeds." Cross-Compl. ¶ 18. Barnes expressly denies the allegation that the Financing Agreement may have affected ownership of the Policy and that the Policy was assigned from Barnes to Windsor, raising again the issues of fraud and coercion. Barnes Cross-Compl. Answer ¶¶ 7, 9; *see Qwest Commc'ns v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (holding that a movant "is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense which, if proved, would defeat [the movant's] recovery"). Barnes also denies that the beneficiary designation was changed from the Trust to Windsor. Barnes Cross-Compl. Answer ¶ 10. Windsor's right to the benefit is premised upon whether the Financing Agreement affected the Policy's ownership and whether Windsor was substituted as the Policy's beneficiary. MJP Br. at 3. If the factual allegations denied by Barnes are not true, then Windsor's claim to the benefit fails. Thus, Windsor is not entitled to judgment on the pleadings.

---

[5] Windsor's argument that the Court should release the funds to it while the parties arbitrate their dispute is inconsistent with its stipulation to interplead the funds.

Windsor argues that Pacific pleaded that Windsor is the beneficiary of the Policy and, for that reason, the Court should conclude that Windsor is entitled to the benefit. MJP Br. at 4-6. While Pacific does say in the Cross-Complaint that "Pacific Life is informed and believes and thereon alleges that on or about November 11, 2011, the Policy's named beneficiary designation was changed from the Trust to Windsor," Cross-Compl. ¶ 10, it also says, "by reason of conflicting claims to the Death Benefit Proceeds, Pacific Life does not know and cannot determine to whom the Death Benefit Proceeds should be paid," Cross-Compl. ¶ 15. Even "[a]ccepting as true the [undisputed] allegations" therein, MJP Br. at 3, far from entitling Windsor to the benefit, the Cross-Complaint leaves unanswered the question of who the Policy's rightful beneficiary is. The undisputed facts do not entitle Windsor to judgment as a matter of law.

Windsor argues that the Court should consider documents attached to its Motion for Judgment on the Pleadings because they are incorporated by reference into the Cross-Complaint. As in the context of motions to dismiss, a court may consider extrinsic documents under the "incorporation by reference" doctrine, and the same standard applies to Rule 12(c) motions. *See, e.g.*, *Rice*, 2010 WL 5017118, at *3. But Windsor is incorrect in claiming that "at no point in the MJP Opposition does [Barnes] dispute the authenticity of these exhibits." Cross-Complaint Reply at 3. On the contrary, he does: Barnes argues that none of the documents are authenticated. Cross-Complaint Opp'n at 3. For the same reason that the Court declines to consider extrinsic documents in deciding Windosr's motion to dismiss, the Court also declines to consider extrinsic documents here.

Windsor is not entitled to judgment as a matter of law on the Cross-Complaint because issues of material fact are in dispute and the uncontested facts do not show that Windsor is entitled to relief. The Motion for Judgment on the Pleadings is DENIED.

## CONCLUSION

Having thoroughly considered the parties' pleadings, briefs, and oral argument, the Court concludes that Barnes's FAC adequately states a claim for relief and that the undisputed facts in

Pacific's Cross-Complaint do not entitle Windsor to judgment as a matter of law. The Court DENIES the Motion to Dismiss and DENIES the Motion for Judgment on the Pleadings.

**IT IS SO ORDERED.**

Dated: August 15, 2013



WILLIAM H. ORRICK
United States District Judge